White, J.
A. Introduction
The plaintiffs brought this action to appeal a February 10, 1994 decision of the Martha’s Vineyard Commission, which denied them permission to develop 215 acres of land in Edgartown into a 54-unit residential subdivision. The matter is before the court on defendants’ motion to dismiss Count 16 of plaintiffs amended complaint, plaintiffs’ Fair Housing Act (“FHA”) claim, for lack of standing. For the reasons set forth below, the defendants’ motion to dismiss is denied.
B. Background
Plaintiffs, trustees of the Herring Creek Farm Trust (“the Trust”), own 215 acres in Edgartown, Massachusetts which they wish to subdivide into a 54-unit housing development, of which 10% of the units will be affordable housing as required by defendant, Martha’s Vineyard Commission’s (“MVC”), Affordable Housing Policy (“the Policy”). The Policy requires that 10% of the units, or 20% of other value, of any subdivision classified as a Development of Regional Impact (“DRI”), defined as a development of 10 or more units, or buildable lots, be provided to Dukes County Regional Housing Authority to be used as low or moderate income housing for Island residents.
On September 19, 1990, plaintiffs filed an Environmental Impact Statement and Subdivision Plan (“the Plan”) with the Edgartown Planning Board for approval. The Plan was referred to the MVC for granting of necessary permits if appropriate. After three years of hearings, plaintiffs withdrew the Plan and submitted a Revised Subdivision Plan (“Revised Plan”) on September 27, 1993, in an attempt to comply with requirements of the MVC. On January 31, 1994, the MVC’s Land Use Planning Committee voted to disapprove the Revised Plan, and the Committee’s recommendation was finally adopted by the MVC in a written decision dated February 10, 1994.
Plaintiffs filed an appeal in this Court on March 4, 1994. They later filed an amended complaint containing 17 counts on August 10, 1994, of which Count 16 is the Fair Housing Act claim. It is this Count which *321 defendants move to dismiss, challenging plaintiffs’ standing to bring this claim.
C. Discussion
Standing is determined by applying a two-part analysis: first, determining whether the parties have met a threshold constitutional requirement of justicia-bility, and then, whether prudential limitations on the exercise of judicial power should be called upon. Warth v. Seldin, 422 U.S. 490 (1975); see U.S. General Inc. v. City of Joliet, 432 F.Supp. 346, 350 (1977), affirmed 598 F.2d 1050 (7th Cir. 1979).
The constitutional requirement embodies the three common standing elements required by the Supreme Court under Article III of the Constitution. In re Malone, 592 F.Supp. 1135, 1153 (E.D. Mo. 1984), aff'd without op., Malone v. Fenton, 794 F.2d 680 (8th Cir. Mo. 1986); see City of Joliet, 432 F.Supp. at 350. First, plaintiff must show injury in fact — that he suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant. Valley Forge Christian College v. Americans Unite for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982). Second, plaintiff must allege causation — that plaintiffs injury can fairly be traced to the defendant’s challenged action. Id. Third, plaintiff must show redressability — that plaintiffs injury is likely to be redressed by a favorable decision. Valley Forge, 454 U.S. at 472; see Allen v. Wright, 468 U.S. 737, 753 (1984).
Injuries in fact under the FHA normally include a deprivation of one’s rights because of discrimination. However, in cases involving developers, injury in fact may include purely economic injury. Park View Heights Corp. v. City of Black Jack, 467 F.2d 1208, 1212 (8th Cir. 1972) (developer’s economic injury in fact was lost time and energy in planning and developing project); Malone, 592 F.Supp. at 1155 (threatened, injury in fact was developers’ loss of substantial sums of money invested in project); West Zion Highlands v. Zion, 549 F.Supp. 673, 676 (N.D. Ill. 1982) (distinct and palpable injury was defendant’s prevention of developer from proceeding with planned development).
Here, the Herring Creek Farm trust has invested large amounts of time, effort and money in planning the subdivision. The creation of the Plan and the Revised Plan, as well as the completion of numerous impact studies including, inter alia, the Nutrient Loading Study, the Environmental Impact Statement, and the Wildlife Inventory and Management Plan, all indicate investment of time and effort on the part of the plaintiffs. Inherent in the appealed rejection of the Revised Plan is a potential loss of value in the land itself, furthering the economic injury to the plaintiffs. Given these incurred and threatened injuries, plaintiffs satisfy the injury-in-fact requirement of standing. See id.
Causation requires a showing that plaintiffs injury can fairly be traced to the defendant’s challenged action. Valley Forge, 454 U.S. at 472. The plaintiffs distinct and palpable injury must have been a result of the defendant’s actions. West Zion Highlands, 549 F.Supp. at 676 (developer’s plan thwarted by defendant’s racial discrimination).
Here, the Trust’s claimed injury has been caused by the MVC’s denial of authorization to proceed with implementation of the Revised Plan. The MVC’s action gives rise to standing because plaintiffs allege that racial discrimination is the result of, if not the impetus of, defendant’s alleged large-lot exclusionary zoning, and that this policy was the basis for the rejection of the Revised Plan. Thus, plaintiffs claim of injury in fact has been shown by its pleadings to be a result of defendant’s actions. See Valley Forge, 454 U.S. at 472.
Redressability requires a showing that plaintiffs injury is likely to be redressed by a favorable decision. Id.; see Allen v. Wright, 468 U.S. at 753. A likelihood of redressability means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville, Florida, 113 S.Ct. 2297, 2302 (1993). Should plaintiffs prevail in this case, part of their prayers for relief is an approval of the Revised Plan, in addition to declaratory judgments regarding the constitutionality of defendants’ policies in general and under the FHA. Such a ruling would enable plaintiffs to proceed uninhibited with the subdivision. If this relief were granted, it would redress plaintiffs’ current and threatened injuries, thereby making redressability less than speculative. See Allen v. Wright, 468 U.S. at 753; City of Jacksonville, 113 S.Ct. at 2302.
Plaintiffs have shown injury in fact, alleged causation, and shown redressability. Valley Forge, 454 U.S. at 472; see Allen v. Wright, 468 U.S. at 753. Therefore, the constitutional requirements for standing have been met.
The second part of the standing analysis involves consideration of the prudential limitations on the exercise of judicial power that serve to limit the role of courts in resolving public disputes. Warth, 422 U.S. at 500; Malone, 592 F.Supp. at 1154. These limitations require (1) that plaintiff assert his own rights rather than the rights of third parties, and (2) that a plaintiffs injury be distinct and not a generalized grievance shared by a large class of citizens. Warth, 422 U.S. at 499; Malone, 592 F.Supp. at 1154; City of Joliet, 432 F.Supp. at 350. However, since prudential requirements are not constitutional, they have numerous exceptions. City of Joliet, 432 F.Supp. at 350.
The exception relevant to this case allows prudential limitations to be obviated where Congress grants an express right of action to persons who otherwise would be barred by prudential standing rules. Warth, 422 U.S., at 501; Malone, 592 F.Supp. at 1154. Con *322 gress granted such an exception in Section 3617 of the FHA which states that:
It shall be unlawful to . .. interfere with any person in the exercise or enjoyment of... or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by (the FHA].
42 U.S.C. §3617 (1968). Noting this conferred standing language in the FHA, the Supreme Court held in three separate cases that the FHA is excepted from prudential limitations on standing. Havens Realty Corp. v. Coleman, 455 U.S. 363, (1982); Gladstone, Realtors v. Bellwood, 441 U.S. 91 (1979); Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205 (1972). The most recent of the cases concluded that the sole requirement for standing to sue under the FHA is the Article III requirement of injury in fact. Havens Realty, 455 U.S. at 372; see also City of Blackjack, 467 F.2d at 1212 (all that is required for standing to sue for a constitutional or statutory violation is a showing of injury in fact). The result is that plaintiffs achieve standing by alleging some injury in fact as a result of defendant’s violation of someone’s FHA rights. Malone, 592 F.Supp. at 1154.
It is irrelevant that nonminority developers appear to be benefitted by suing under the FHA, an act specifically designed to protect the rights of minorities. See Malone, 592 F.Supp. at 1156. Often, nonminority plaintiffs are the “only effective advocates” of a third party’s rights and therefore have standing to sue on the third party’s behalf. See Park View Heights Corp., 467 F.2d at 1213 (developer has right to raise violations of the constitutional rights of individuals who desire to move into the proposed affordable housing); see also Metropolitan Housing Development Corporation v. Village of Arlington Heights, 558 F.2d 1283, 1288 (7th Cir. 1977) (exclusionary zoning unlawfully interferes with the developer and his prospective tenants), cert. denied, 434 U.S. 1025 (1978). Specifically, the concept of the nonminority plaintiff as the “only effective advocate” is furthered when the plaintiff is a developer because minority plaintiffs are yet unknown. Id. Since Congress intended to extend FHA standing by creating an exception to the prudential rule, and developers are essential participants in the growth of integrated public housing, it is consistent with the FHA to permit developers to enforce its prohibitions on discrimination against minorities, even if the challenger directly benefits the developer as well. Id., see 42 U.S.C. §§3601, 3617.
In this case, plaintiffs essentially assert the rights of minorities by praying for relief that MVC’s exclusionary zoning policy and affordable housing policy be declared violative of the FHA. Prospective minority tenants are not yet known; therefore, the developer may be the only effective advocate of their rights. See Park View Heights Corp., 467 F.2d at 1213. Thus, plaintiffs are within the standing exception permitted in the FHA.
ORDER
For all of the above reasons, it is therefore ORDERED that the defendants’ motion to dismiss plaintiffs’ FHA claim contained in Count 16 of the Amended Complaint be and hereby is DENIED.